**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Hopkins, et al.,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>BMO Bank NA, et al.,<br><br>　　　　　　Defendants. | No. CV-24-00904-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant BMO Bank, N.A.'s ("Defendant BMO") Motion to Dismiss Party (Doc. 12), Plaintiffs' Response (Doc. 22), Defendant BMO's Reply (Doc. 23), Plaintiffs' Second Amended Complaint (Doc. 24), and the Joint Statement Regarding Whether Amended Complaint Cures Defects Alleged in BMO Bank, N.A.'s Pending Motion to Dismiss (Doc. 26). The Court now rules as follows.[1]

**I.    BACKGROUND**

Plaintiffs are allegedly victims of a wire transfer fraud scheme in which they paid $177,196.60 to Defendant Betty Holland ("Defendant Holland"). (Doc. 24 at 3). Plaintiffs allege that they entered into a purchase agreement to buy a piece of real property in January of 2022. (*Id.* at 2). In March of that year, an escrow account through Yavapai Title was opened to facilitate the transaction. (*Id.*). On March 16, 2022, Defendant Holland allegedly

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

sent an email to Plaintiffs, using the name "Taylor Mahlman," posing as a representative from Yavapai Title, and instructing Plaintiffs to wire a down payment for the property to her. (*Id.* at 3). Plaintiffs initiated the wire transfer through their bank, Defendant BMO, and sent the money to an account with Defendant Chase. (*Id.* at 5). Plaintiffs and BMO representatives engaged in a conference call to discuss the transaction, and BMO agreed to verify the accuracy of the Wiring Instructions upon Plaintiffs' request. (Doc. 24 at 4-5).

Plaintiffs allege that "upon receiving the Down Payment proceeds from BMO, Chase was made aware that such proceeds were intended to be transferred to Yavapai Title." (*Id.* at 5). Yavapai Title, however, never received the money as Defendant Holland allegedly withdrew the money from the Chase account. (*Id.*). Finally, Plaintiffs allege that "[s]hortly after March 17, 2022, BMO and Chase learned that the Chase Account was not affiliated with Yavapai Title, yet took no action to prevent [Defendant] Holland from converting the Down Payment, or retrieving it from [Defendant] Holland." (*Id.*)

Plaintiffs originally filed suit in state court, but Defendants removed the case to this Court on April 20, 2024. (Doc. 1). Plaintiffs bring six counts against various Defendants, four of which are specifically against Defendant BMO: breach of contract, negligence, fraud, and punitive damages. (Doc. 24). On May 10, 2024, Defendant BMO filed a Motion to Dismiss (Doc. 12), which is fully briefed (Docs. 22, 23). On June 11, 2024, the Court dismissed Plaintiffs' punitive damages claim with prejudice and without leave to amend in its entirety against all Defendants. (Doc. 21).

On July 10, 2024, Plaintiffs filed a Second Amended Complaint. (Doc. 24). The Court ordered the parties to file a joint statement addressing whether the amended complaint cures the defects alleged in the pending Motion to Dismiss. (Doc. 25). On July 19, 2024, the parties filed a Joint Statement stating that the Second Amended Complaint did not cure the defects alleged in Defendant BMO's Motion to Dismiss. (Doc. 12).

**II.   LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT,

2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III.   DISCUSSION**

Defendant BMO makes three arguments against Plaintiffs' remaining breach of contract, negligence, and fraud claims against BMO.[2] (Doc. 12). Specifically, Defendant BMO first argues that Article 4 of the U.C.C., as codified in A.R.S. § 47-4A101 et seq.,

---

[2] Defendant BMO's Motion to Dismiss also moves to dismiss Count Six – Punitive Damages (Doc. 12) and Plaintiffs' Response withdraws this claim. (Doc. 22 at 5). As this Court already dismissed Count Six with prejudice and without leave to amend in its entirety against all Defendants (Doc. 21), this Court will not address Defendant BMO's arguments regarding Count Six here.

Defendant BMO's Motion to Dismiss also moves to dismiss Plaintiffs' conversion claim included in the First Amended Complaint. (Doc. 1-1). As this claim was not asserted in the Second Amended Complaint, this Court will not address it here.

preempts Plaintiffs' claims (Doc. 12 at 4); second, that Plaintiffs' Account Agreement contains a one-year statute of limitations barring Plaintiffs' claims (*Id.* at 7); and third, that Plaintiffs' individual claims fail to state claims upon which relief can be granted. (*Id.* at 8). As an initial matter, the Court will resolve whether Arizona's adoption of Article 4 of the U.C.C. preempts Plaintiffs' common law claims of breach of contract, negligence, conversion, and fraud. Because the Court finds that Plaintiffs' common law claims fail to state a claim due to preemption by Article 4A, this Court declines to analyze Defendant BMO's arguments with respect to the Account Agreement's statute of limitations and Plaintiffs' individual claims' failures to meet the requisite pleading standard.[3]

### A. Whether A.R.S. § 47-4A101 et seq. Preempts Plaintiffs' Claims

Article 4A of the U.C.C., codified in A.R.S. § 47-4A101 et seq., exclusively governs conduct directly related to the action of a wire transfer. *Koss Corp. v. Am. Exp. Co.*, 309 P.3d 898, 906 (Ariz. Ct. App. 2013), *as amended* (Sept. 3, 2013); *see also* U.C.C. § 4A–102 cmt. (stating that before the U.C.C. "there was no comprehensive body of law—statutory or judicial—that defined the juridical nature of a funds transfer or the rights and obligations flowing from payment orders"). Article 4A also apportions liability among the parties involved "depending upon the point at which a failure in the funds transfer process occurs." *Id.*; *see* U.C.C. § 4A–102 cmt. ("A deliberate decision was also made to use precise and detailed rules to assign responsibility, define behavioral norms, allocate risks and establish limits on liability."). "Other courts have recognized that Article 4A does not preempt common-law claims when . . . the alleged misconduct occurred *outside* the wire transfer process." *Koss Corp.*, 309 P.3d at 906 (emphasis added); *see also Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 89 (2d Cir. 2010) ("Practically speaking,

---

[3] Plaintiffs failed to address Defendant BMO's arguments that the individual claims failed to meet the pleading standard. We therefore accept those as conceded. *See, e.g., M.S. v. County of Ventura*, No. CV 16-03084-BRO (RAOx), 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument."); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for [a party]' . . . .").

4

Article 4A controls how electronic funds transfers are conducted and specifies certain rights and duties related to the execution of such transactions. . . . Claims that, for example, are not about the mechanics of how a funds transfer was conducted may fall outside of this regime.").

In the present case, all the alleged conduct which forms the basis of Plaintiffs' breach of contract, negligence, and fraud claims comes from the mechanics of a wire transaction. Specifically, Plaintiffs allege that Defendant BMO entered into an agreement that BMO would verify the accuracy of the Wiring Instructions and that BMO breached this agreement by failing to take reasonable measures to verify the accuracy of the Wiring Instructions, Holland's identity, and the relationship between Holland, Yavapai Title, or the Escrow Account. (Doc. 24 at 6). Plaintiffs also allege that Defendant BMO breached its duty of care owed to Plaintiffs to take reasonable measures to verify the accuracy of the wiring instructions. (*Id.* at 10). Lastly, Plaintiffs allege Defendant BMO is liable for fraud because "BMO falsely represented to Plaintiffs that they would verify the Wiring Instructions, as described above." (*Id.* at 11).

Verifying the authenticity of an instruction is a procedure explicitly governed by the U.C.C. as adopted in Arizona. *See* A.R.S. § 47-4A205(A) ("If an accepted payment order was transmitted pursuant to a security procedure for the detection of error and the payment order erroneously instructed payment to a beneficiary not intended by the sender. . . the following rules apply"). Furthermore, Article 4A regulates allocation of liability where the customer is deemed to have authorized the transfer and where the customer and receiving bank stipulate to the use of a commercially reasonable security procedure. A.R.S. § 47-4A202(A)-(B); *see also Barak v. ACS Int'l Projects, Ltd*., 347 So.3d 81, 84 (Fla. Dist. Ct. App. 2021) ("Under Article 4A, a bank receiving a payment order ordinarily bears the risk of any misdirected funds transfer. U.C.C. § 4A-202(a)–(b). That risk may be shifted to the customer under two defined circumstances. The first is where the customer is deemed to have authorized the transfer, and the second is where the parties stipulated to the use of a commercially reasonable security procedure.").

In so far as the allegations against Defendant BMO are based on Defendant BMO's compliance with Plaintiffs' instructions to transfer the payment or alleged failure to verify the instructions, Article 4A preempts Plaintiffs' common law claims. Plaintiffs do not proceed against Defendant BMO under A.R.S. § 47-4A101 et seq. in their complaint. Furthermore, Plaintiffs did not address Defendant BMO's arguments regarding Article 4A preemption and each individual claim's failure to state a claim upon which relief must be granted. (Doc. 22). In light of Plaintiffs' failure to substantively respond to Defendant BMO's arguments, the Court finds that Plaintiff has conceded that Article 4A preempts Plaintiffs' claims and that Plaintiffs' claims fail to state a plausible claim for relief. *See, e.g.*, *M.S. v. County of Ventura*, No. CV 16-03084-BRO (RAOx), 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument."); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for [a party]' . . . ."). Therefore, Plaintiffs' Count One for Breach of Contract, Count Three for Negligence, and Count Five for Fraud must be dismissed against Defendant BMO for failure to state a claim.

## IV.  CONCLUSION

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

While Plaintiff only needs to allege enough facts to "plausibly give rise to an entitlement to relief," that has not occurred here. *Iqbal*, 556 U.S. at 679. Therefore, the claims against Defendant BMO fail to satisfy the pleading standards set forth by Rule 8 and 12(b)(6), and its dismissal is both warranted and necessary. Plaintiffs' claims cannot be cured with further amendment and are thus futile. *See Bonin v. Calderon*, 59 F.3d 815,

845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Specifically, Plaintiffs breach of contract, negligence, and fraud claims concerning all actions associated with the wire transfer in question, are preempted by A.R.S. § 47-4A101 et seq. and are barred as a matter of law. As a result, leave to amend these counts would be inappropriate.

Accordingly,

**IT IS ORDERED** that Defendant BMO Bank, N.A.'s Motion to Dismiss (Doc. 12) is **granted**.

**IT IS FURTHER ORDERED** that Count One, Count Two, and Count Four of the Second Amended Complaint are **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that in light of this Order and the Court's September 18, 2024 Order (Doc. 34), Defendants BMO Bank, N.A., and Chase Bank, N.A. are dismissed from this action. As such, the only remaining parties are Defendant Betty Holland and Defendant Unknown Holland.

Dated this 27th day of September, 2024.

Honorable Steven P. Logan
United States District Judge